Irà Walton DREW, J. Claude Bowen, John B. McCrea, Irving Kaufman and Jean McCoskey, Plaintiffs,

and

Marshall J. Seidman, Intervening Plaintiff,

v.

William W. SCRANTON, Governor of the Commonwealth of Pennsylvania, George I. Bloom, Secretary of the Commonwealth of Pennsylvania, Walter E. Alessandroni, Attorney General of the Commonwealth of Pennsylvania, Raymond P. Shafer, President of the Senate of the Commonwealth of Pennsylvania, M. Harvey Taylor, President pro tempore of the Senate of the Commonwealth of Pennsylvania and W. Stuart Helm, Speaker of the House of Representatives of the Commonwealth of Pennsylvania, Defendants,

and

Donald C. Rubel and Anne D. McKinley, Intervening Defendants.

Civ. A. No. 8293.

United States District Court
M. D. Pennsylvania.

Dec. 6, 1963.

Marvin Comisky and Goncer M. Krestal, Philadelphia, Pa., for plaintiffs. Marshall J. Seidman, Philadelphia, Pa., intervening plaintiff, pro se.

Walter E. Alessandroni, Atty. Gen., and Edward Friedman, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

R. Lawrence Coughlin, Jr., and Edward E. Russell, Philadelphia, Pa., for intervening defendants.

Before MARIS, Circuit Judge, and SHERIDAN and NEALON, District Judges.

MARIS, Circuit Judge.

This is a suit by Pennsylvania citizens and taxpayers. The complaint contains

four prayers for relief. These are (a) for an injunction to restrain the Governor, the Secretary of the Commonwealth, the Attorney General, the President of the Senate, the President pro tempore of the Senate and the Speaker of the House of Representatives of the Commonwealth from conducting any primary or general election or performing any duty with respect thereto for seats in the General Assembly which is to be conducted in accordance with the apportionment required by the provisions (alleged to deprive the plaintiffs of the equal protection of the laws in violation of the 14th Amendment to the Federal Constitution) of Article II, sections 16, 17 and 18 of the State Constitution, or any statute enacted pursuant thereto, or from performing any other act implementing or enforcing those provisions; (b) for an injunction to restrain the Governor, the President and President pro tempore of the Senate, the Speaker of the House of Representatives and all members of the Senate and House of Representatives presently convened in special session from considering, voting upon, enacting or placing into effect any bill or law which is drafted in accordance with said provisions of the State Constitution alleged to violate the 14th Amendment, or which embodies an apportionment which is substantially similar to that required under said provisions or which denies plaintiffs or others similarly situated the equal protection of the law; (c) for a mandatory injunction to require the defendants and the members of the Senate and House of Representatives of the Commonwealth to enact legislation which will apportion the senatorial and representative districts in such manner as will not deprive plaintiffs and others similarly situated of the equal protection of the law, and (d) for such other relief as may be proper to guarantee to the plaintiffs their right to the equal protection of the laws.

The plaintiffs have applied for a temporary injunction granting the relief referred to in clause (b) of the prayer of the complaint, i. e. to restrain the consideration and enactment by the Legislature of Pennsylvania, at its present special session, of reapportionment legislation drafted in accordance with the State Constitution or which denies the plaintiffs the equal protection of the laws. A hearing upon the application has been held and testimony has been taken. It appears that certain of the provisions of sections 16 and 17 of article II of the Pennsylvania Constitution which prescribe the manner in which the Legislature is to divide the state into senatorial and representative districts compel, if followed literally, the establishment of districts having wide disparity in population per member. It appears further that these provisions operate in general to favor the counties with less population by giving them disproportionately larger representation in each house at the expense of the more populous counties.

We have no doubt of the power of this court to consider the validity under the 14th Amendment of those provisions of the Constitution of Pennsylvania which prescribe the manner in which the districts for the election of the members of its Senate and House of Representatives are to be constituted. This we may and must do when it becomes necessary in order to decide the constitutional validity of the statutes enacted in conformity with those provisions of the Pennsylvania Constitution and which implement them by actually apportioning the territory of the state into senatorial and representative districts. Baker v. Carr, 1962, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663; Sincock v. Duffy, D.C. Del.1963, 215 F.Supp. 169. We recognize, at the same time, that this power is a grave and delicate one, involving a great responsibility, which should be exercised cautiously and only when the question of constitutionality is squarely presented in a way which makes its determination unavoidable. The question of the constitutionality of the existing apportionment statutes is raised by prayer (a) of the complaint and that question will, therefore, doubtless be presented to us with respect to the Acts of May

10, 1921, P.L. 449, 25 P.S. § 2201 et seq., and July 29, 1953, P.L. 956, 25 P.S. §§ 2215, 2216, or such statutes, if any, as are passed at the present special session of the Legislature to supersede them, when we come to consider the merits of the complaint on final hearing.

When thus properly presented these questions will be considered and decided. It is quite a different matter, however, to be asked to adjudicate the possible constitutionality, if enacted, of bills which are merely under consideration by the Legislature and to restrain the Legislature from further considering or passing them. For we cannot now know in what amended form the Legislature may ultimately pass these bills, if it passes them at all, or whether, if passed, they will be approved by the Governor and become law. The plaintiffs' present motion is thus in reality a request by them for an advisory opinion to the Legislature as to the binding effect upon it, under the 14th Amendment, of certain limiting provisions of sections 16 and 17 of Article II of the Pennsylvania Constitution, an opinion which we are asked to give in vacuo and without having the benefit of knowing the extent to which the challenged provisions will be reflected in the implementing statutes which, when and if passed by the Legislature, will actually determine the rights of the plaintiffs and other citizens to representation in their Legislature. For it is perfectly clear that the Pennsylvania constitutional provisions in question are not self-executing and affect no one until they are implemented by legislation.

It would not appear that this court has the power to give such an advisory opinion. See 28 U.S.C. § 2281. In any event we are satisfied that in the exercise of a sound discretion we should not attempt, upon this application for a temporary injunction, to pass upon the constitutional validity of the pending reapportionment bills upon the assumption that they will be enacted in their present form or that we should enjoin the Legislature from further consideration of them. In this connection we note that no showing of irreparable injury has been made. See Sincock v. Terry, D.C. Del.1962, 210 F.Supp. 396, 399–400. We will accordingly deny the plaintiffs' present application for a temporary injunction. We recognize, however, that under the other prayers of the complaint serious questions are raised as to the validity under the 14th Amendment of certain of the limitations laid by the Pennsylvania Constitution upon the Legislature in the creation of senatorial and representative districts and that these questioned limitations are reflected in the existing apportionment statutes and will in all probability also be reflected in any reapportionment statutes which the Legislature may enact at its present session. Accordingly our order will be without prejudice to the right of the plaintiffs to amend their complaint, if so advised, and to seek relief under prayers (a), (c) and (d) thereof upon final hearing with respect to the apportionment statutes which are then in effect.